# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WESLEY A. MASSEY,                )
                                 )
        Plaintiff,     )
                                 )    Civil Action No. 2:19-cv-659
   v.                           )
                                 )
LEE ESTOCK, et al.,              )
                                 )
        Defendants.    )

## MEMORANDUM OPINION

Plaintiff Wesley A. Massey, a prisoner at the State Correctional Institution at Pine Grove, filed this civil rights action alleging that the institution's handling of disposable razors is unsanitary and violates his Eighth Amendment rights under the United States Constitution.[1] Plaintiff has sued the following corrections officials in their individual and official capacities: Lee Estock, Superintendent of SCI-Pine Grove ("Estock"); Dan Yingling, Unit Manger for the "H-Unit" ("Yingling"); Robert Behr, Unit Manager for the "GB-Unit" ("Behr"); Susan Bergey, allegedly the Medical Director for SCI Pine Grove ("Bergey"), and Counselor Mottin ("Mottin").

Pending before the Court is the Plaintiff's application for a temporary restraining order and preliminary injunction. See ECF Nos. 12 and 14. As relief, Plaintiff requests (a) a declaration that the Defendants' alleged actions violated his constitutional rights, and (b) a preliminary and permanent injunction ordering Defendants "to stop enforcing the current razor policy that puts inmates at risk of contracting infectious maladies." ECF No. 2 ¶¶21, 22, at 6-7. For the reasons set forth below, Plaintiff's request for injunctive relief will be denied.

---

[1] Plaintiffs' claims are asserted under 42 U.S.C. §1983. The Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. §§1331 and 1343.

1

## I. Background

As noted, the issue in this case is the manner in which officials at SCI-Pine Grove store and handle the disposable razors that are utilized by the general prison population. As described in Plaintiff's court filings (and as depicted in photographic exhibits), the institution stores razors in a communal box. Within the box are porous sheets with holes drilled through them. Each razor rests in one of the drilled holes. The razors are arranged according to cell number. Both the razor and its corresponding hole are labelled with the inmate's name and number. When razors are collected after use, they are placed by the corrections officer into their corresponding holes to ensure that each inmate receives his own specific razor the next time it is used.

Plaintiff's request for injunctive relief stems from his concern about the possible spread of infectious diseases. He notes that several inmates within the institution are infected with Hepatitis C or other bloodborne pathogens. He maintains that the boxes are not cleaned on a regular basis and, as a result, the porous board that holds the razors are often contaminated with blood, hair, or skin. When prisoners are moved to new cells, the razors are placed in their new holes without any special cleaning. Because of the way they hang in the communal box, the razor heads can swivel around and touch each other. In addition, the name markings on the individual razors easily rub off, resulting in a situation where prisoners are sometimes given the wrong razor.

Plaintiff claims that he observed these conditions both in the H-Unit and in the GB-Unit. He attempted to express his concerns to the Defendants and also filed a grievance, but he was told that the policy would not change. This lawsuit followed.

The Court held a telephonic motion hearing on November 22, 2019, at which time it heard sworn testimony from Plaintiff, Defendants Estock and Bergey, and Unit Manager Don

Bachota. Having considered the testimony, and after reviewing the Defendants' exhibits as well as all of Plaintiff's filings and the cases cited by the parties, the Court renders the following ruling.

**II.   Standard of Review**

A preliminary injunction is an extraordinary remedy granted only in limited circumstances. *Issa v. Sch. Dist. of Lancaster*, 847 F.3d 121, 131 (3d Cir. 2017). When evaluating a motion for preliminary injunctive relief, the court considers the following factors: (1) whether the moving party has established a reasonable likelihood of success on the merits (which need not be more likely than not); (2) whether the movant is more likely than not to suffer irreparable harm in the absence of preliminary relief; (3) whether the balance of equities tips in its favor; and (4) whether an injunction is in the public interest. *Fulton v. City of Phila.*, 922 F.3d 140, 152 (3d Cir. 2019). The first two considerations are "gateway" factors; only if they are satisfied does the court then determine whether all four of the factors, taken together, balance in favor of granting the relief sought. *Id.*

**III.   Analysis**

After careful review of the record, and bearing in mind the foregoing standard of review, the Court finds that Plaintiff has not established a basis for obtaining preliminary injunctive relief. Importantly, Defendants represented at the motion hearing that they are in the process of implementing a new system of storing razors in individual, plastic containers.[2] Defendant Estock testified that the containers had been ordered and were expected to arrive in

---

[2] The Court notes parenthetically that it is encouraged by the fact that Plaintiff's efforts have resulted in a safer and more sanitary storage policy, to the benefit of Plaintiff and his fellow inmates.

3

approximately one week. As a result, Plaintiff's concerns stemming from the use of the communal box are moot, and that aspect of his application for injunctive relief must be dismissed for lack of jurisdiction. *See Mollett v. Leicth*, 511 F. App'x 172, 173 (3d Cir. 2013) ("If a claim does not present a live case or controversy, the claim is moot, and a federal court lacks jurisdiction to hear it.") (citation omitted); *Weiss v. Regal Collections*, 385 F.3d 337, 340 (3d Cir. 2004) (a court no longer has subject-matter jurisdiction when a claim is moot because its jurisdiction is limited to "cases and controversies" under Article III of the Constitution); *Bierley v. Sambroak*, No. CIV.A. 13-326 ERIE, 2014 WL 710004, at *5-6 (W.D. Pa. Feb. 25, 2014) (dismissing motion for injunctive relief that was mooted by the results of a judicial election).

Nevertheless, Plaintiff insists that these new measures do not sufficiently ameliorate his concerns about the transmission of infectious diseases. He submits that the identification markings on the razors can rub off and, as a result, it will still be possible under the newly adopted policy for razors to get placed in the wrong containers and distributed to the wrong inmates. Plaintiff maintains that the only satisfactory solution is for inmates to retain possession of their own personal razors within their cells, as is the custom among all general population inmates in the other state correctional institutions.

Plaintiff's arguments fail to demonstrate that he will likely suffer irreparable harm in the absence of a temporary restraining order or a preliminary injunction. The uncontradicted evidence of record establishes that inmate names and numbers are written on each razor handle with permanent marker which, by its nature, is designed to be resistant to smudges and smears. The Court's review of the photographic evidence confirmed that the labels on the individual razor handles were legible. To the extent that the labeling may inevitably wear off or smudge over time, the problem can quickly and easily be remedied by simply relabeling the razor

4

handles. Given these facts -- and considering the institution's system for distributing and collecting razors on an orderly individualized basis, the Court finds that Plaintiff's likelihood of contracting an infectious disease from another inmate's razor is too remote to support an award of injunctive relief.

Plaintiff also has not demonstrated a reasonable likelihood of success on the merits of his Eighth Amendment claims. *See* U.S. Const. amend VIII (proscribing "cruel and unusual punishments"). "Because the prohibition is directed only toward punishment,[ ] it applies only to deprivations that constitute an unnecessary *and wanton* infliction of pain,[ ] including those that are totally without penological justification.[ ]" *Mammana v. Federal Bureau of Prisons,* 934 F.3d 368, 372 (3d Cir. 2019) (emphasis in the original; internal footnotes, citations and quotation marks omitted).

To prevail on his claim that SCI-Pine Grove's razor policy violates the Eighth Amendment, Plaintiff must meet two requirements. First, he must establish a sufficiently serious deprivation, one that involves, from an objective standpoint, a denial of "the minimal civilized measure of life's necessities." *Thomas v. Tice,* No. 18-1811, 2019 WL 5884162, at *2 (3d Cir. Nov. 12, 2019). This requirement is met if Plaintiff shows he was incarcerated under conditions posing "a substantial risk of serious harm." *Mammana,* 934 F.3d at 373 (citation and internal quotation marks omitted). Second, Plaintiff must show that the Defendants acted with deliberate indifference to his health or safety or to the conditions of confinement that violated his constitutional rights. *Id.*; *Thomas,* 2019 WL 5884162, at *2. This second factor involves a subjective standard whereby the relevant officials actually knew of and disregarded the unconstitutional condition. *Id.*

5

Based on the testimony and documents of record, the Court is not persuaded that Plaintiff has demonstrated a reasonable likelihood of prevailing on his Eighth Amendment claims. For the reasons discussed, Plaintiff's concerns about contracting infectious diseases in the future are speculative at best. Thus, Plaintiff is unlikely to be able to prove that Defendants were deliberately indifferent to a substantial risk of serious harm. Nor is it reasonably likely that Plaintiff will be able to show that the institution's newly adopted razor storage policy lacks any penological justification. Although Plaintiff believes that every inmate in general population should be able to keep a razor in his cell, the Defendants presented persuasive evidence that SCI-Pine Grove adopted a contrary policy because of past incidents of violence and because it typically houses a younger population. The Court credits the Defendants' testimony in this regard.

### IV. Conclusion

Based upon the foregoing reasons, which constitute the Court's findings of fact and conclusions of law, Plaintiff's application for a temporary restraining order and/or a preliminary injunction will be denied. An appropriate order follows.

SUSAN PARADISE BAXTER
United States District Judge