IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESLEY A. MASSEY, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 2:19-cv-659 |
| v. | ) |
| LEE ESTOCK, et al., | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Pending before the Court is the Plaintiff's "Emergency Motion" seeking reconsideration of the undersigned's prior order denying Plaintiff's request for a temporary restraining order and/or preliminary injunction. See ECF Nos. 36, 28, 29. The disputed Order was entered on December 9, 2019, following a telephonic motion hearing on Plaintiff's request for injunctive relief. ECF No. 29.

In his motion for reconsideration, Plaintiff states that the Defendants have failed to discontinue their use of communal razor storage boxes, notwithstanding their representation to the Court during the November 22, 2019 motion hearing that individualized storage containers had been ordered and were expected to arrive imminently at SCI-Pine Grove. Plaintiff requests an order from this Court directing Defendants to implement the new razor storage system within three calendar days or return Plaintiff's razor to him pending full implementation of the new storage policy.

Federal district courts have the inherent authority to reconsider prior interlocutory orders "at any point during which the litigation continue[s]," provided that the court retains jurisdiction over the case. *State Nat'l Ins. Co. v. Cty. of Camden*, 824 F.3d 399, 406 (3d Cir. 2016).

1

Nevertheless, reconsideration should be granted "only where the moving party shows that at least one of the following grounds is present: '(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *In re Energy Future Holdings Corp.*, 904 F.3d 298, 311 (3d Cir. 2018) (quoting *United States ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848–89 (3d Cir. 2014)).

Here, there has been no intervening change in the law governing injunctive relief as would necessitate a reconsideration of the Court's prior ruling. Nor has Plaintiff pointed to any clear error in the Court's ruling that would otherwise result in a manifest injustice to the parties if not corrected. At most, Plaintiff has presented new information in the form of a status update indicating that Defendants have not yet fully effectuated the new policy that they articulated at the motion hearing. Even accepting this information at face value, however, the Court is not convinced that it justifies the imposition of injunctive relief. For the reasons previously articulated by the Court in its December 9, 2019 ruling, this Court remains of the view that Plaintiff has not demonstrated a likelihood of success on the merits of his underlying Eighth Amendment claim, nor has the Defendants' delay in implementing the new storage policy created an imminent likelihood of irreparable harm to him. For these reasons, the following Order is entered:

NOW, this 7th day of January, 2020, IT IS ORDERED that Plaintiff's Emergency Motion for Reconsideration For Injunctive Relief, ECF No. [36], shall be, and hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that, on or before February 7, 2020, the Defendants shall file a status report advising the Court as to their progress in obtaining individualized storage

2

containers and the date on which the institution's new razor storage policy either was or will be fully implemented.

*Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge

cm: WESLEY A. MASSEY
ND-8176
SCI Pinegrove
189 Fyock Road
Indiana, PA 15701
(by U.S. mail, First Class)

Counsel of record
(via CM/ECF)